```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF INDIANA
                         HAMMOND DIVISION


DANNY DAY,                         )
                                   )
            Plaintiff              )
                                   )
      v.                           )  Case No. 2:05 cv 310
                                   )
MICHAEL HILL; PENDA CORPORATION;   )
PENDA INDUSTRIES, INC.; PENDA      )
GLASSTITE, INC., PENDA             )
INTERNATIONAL HOLDING              )
CORPORATION; PENDA ROO HOLDING     )
CORPORATION; PENDA-MEXICO          )
EMPLOYMENT CORPORATION; VMC        )
FIBERGLASS PRODUCTS, INC.; TRI-    )
GLAS CORPORATION; RYDER TRUCK      )
RENTAL, INC.,                      )
                                   )
            Defendants             )
```

OPINION AND ORDER

This matter is before the court on the Motion to Reconsider filed by the plaintiff, Danny Day, on June 6, 2007, and the Motion for Sanctions filed by the plaintiff on April 27, 2007. For the following reasons, the motion for sanctions is **DENIED**, and the motion to reconsider is **GRANTED**.

Background

On September 29, 2003, the plaintiff, Danny Day, was asleep in the berth of his tractor-trailer when the vehicle was struck by a tractor-trailer combination driven by defendant Michael Hill. Day filed a claim against Hill, Hill's employer, and the owners of the tractor and trailer, alleging Hill's negligence.

At a status conference on October 20, 2006, the court established December 20, 2006, as the deadline for the completion

of fact discovery and set July 31, 2007 as the overall close of discovery.

During the course of discovery, Day testified that his injuries included the loss of the use of his left arm. However, on January 28 and 29, 2007, the defendants surreptitiously obtained video footage of Day using his left arm without apparent restriction. The defendants attempted to acquire more footage on March 11 and again on March 31 without success. On April 11, 2007, Day's attorney was informed of the existence of this footage and provided a copy of the videotape.

Day argues that the disclosure of such footage was required by his interrogatories and requests for production of documents. Consequently, Day has alleged that Hill's failure to disclose the information sooner violated Hill's duty to amend discovery responses and "obstructed" Day's ability to conduct expert discovery. Day also argues that, because this videotape was acquired after the close of fact discovery, its use should be barred.

In addition, on April 20, 2007, the defendants filed a motion seeking an order compelling Day to complete authorizations for the release of income tax returns and any applications he has made seeking disability benefits from the Social Security Admin- istration. Day offered no timely response to the motion, and on May 10, 2007, this court summarily granted the motion. In his motion to reconsider this order, Day states that he has no objection to providing authorizations for the release of federal

2

tax returns, but the defendants' request to access all documents filed with the Social Security Administration is overbroad.

## Discussion

Although they are frequently filed, the Court of Appeals has described a motion for reconsideration as "a motion that, strictly speaking, does not exist under the Federal Rules of Civil Procedure." *Hope v. United States*, 43 F.3d 1140, 1142 n.2 (7th Cir. 1994). *See also* *Talano v. Northwestern Medical Faculty Foundation, Inc.*, 273 F.3d 757, 760 n.1 (7th Cir. 2001). This type of motion "is a request that the [Court] reexamine its decision in light of additional legal arguments, a change of law, or perhaps an argument or aspect of the case which was overlooked." *Ahmed v. Ashcroft*, 388 F.3d 247, 249 (7th Cir. 2004) (internal quotation omitted). In *Frietsch v. Refco, Inc.*, 56 F.3d 825 (7th Cir. 1995), the Court of Appeals did not question the availability of a motion to reconsider but stated:

> It is not the purpose of allowing motions for reconsideration to enable a party to complete presenting his case after the court has ruled against him. Were such a procedure to be countenanced, some lawsuits really might never end, rather than just seeming endless.

56 F.3d at 828

*See also* *Oto v. Metropolitan Life Insurance Company,* 224 F.3d 601, 606 (7th Cir. 2000)("A party may not use a motion for reconsideration to introduce new evidence that could have been presented earlier."); *Divane v. Krull Electric Company*, 194 F.3d 845, 850 (7th Cir. 1999); *LB Credit Corporation v. Resolution*

3

*Trust Corporation*, 49 F.3d 1263, 1267 (7th Cir. 1995). The court has the inherent power to reconsider interlocutory orders. *See Fisher v. National Railroad Passenger Corporation*, 152 F.R.D. 145, 149 (S.D. Ind. 1993)("The beneficial aspect of distinguishing between the two methods of relief is readily apparent when the strict standard for granting relief under Rule 60(b) is contrasted with the practically unbridled discretion of a district court to reconsider a previous interlocutory order.")

In seeking to revisit the defendants' motion to compel, Day does not address his prior failure to respond to that motion. However, Day does indicate that he intends to execute the proper forms to permit access to the income tax returns. Accordingly, that element of the motion to compel is moot. Further, Day's sole apparent objection to executing an authorization for the release of Social Security disability applications is the overly broad scope of information potentially revealed. The court grants Day's motion to reconsider in order to reach this remaining issue.

A party is entitled to conduct discovery on any matter that is "relevant to the claim or defenses of any party." Federal Rule of Civil Procedure 26(b)(1). Under the Federal rules, relevancy in discovery includes information that may not be admissible provided that "discovery appears reasonably calculated to lead to discovery of admissible evidence." Rule 26(b)(1); *Chavez v. Daimler Chrysler Corp.*, 206 F.R.D. 615, 619 (S.D. Ind. 2002). Following amendments to Rule 26, narrowing relevance from that which is related to the "subject matter" of the case to matters

4

related particularly to "claims or defenses," relevance remains broadly construed. *Sanyo Laser Products, Inc., v. Arista Records, Inc.*, 214 F.R.D. 496, 500 (S.D. Ind. 2003) ("The change, while meaningful, is not dramatic, and broad discovery remains the norm.").

A party may seek an order compelling disclosure when an opposing party has failed to respond or has provided evasive or incomplete responses. Federal Rules of Civil Procedure 37(a)(2) and 37(a)(3). The court has broad discretion when reviewing a discovery dispute and "should independently determine the proper course of discovery based upon the arguments of the parties." *Gile v. United Airlines Inc.*, 95 F.3d 492, 496 (7th Cir. 1996); *Patterson v. Avery Dennison Corporation*, 281 F.3d 676, 681 (7th Cir. 2002)("[T]he court should consider the totality of the circumstances, weighing the value of material sought against the burden of providing it, and taking into account society's interest in furthering the truthseeking function in the particular case before the court.")(internal citations omitted).

Provided the information sought meets the standard of relevancy described in the Federal rules, the "burden rests upon the objecting party to show why a particular discovery request is improper." *Kodish v. Oakbrook Terrace Fire Protection District*, 235 F.R.D. 447, 449-50 (N.D. Ill. 2006). The objecting party must show with specificity that the request is improper. *Graham v. Casey's General Stores*, 206 F.R.D. 253, 254 (S.D. Ind. 2002). Discovery, however, is not limitless, "and these limits become

more formable as the showing of need decreases." ***Rubin v. Islamic Republic of Iran***, 349 F.Supp.2d. 1108, 1111 (N.D. Ill. 2004)(*quoting* ***Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130***, 657 F.2d 890, 904 (7th Cir. 1981).

An application for Social Security disability benefits filed by a personal injury plaintiff may fall within the broad scope of relevancy under the discovery rules. *See* ***Bagnall v. Freeman Decorating Company***, 196 F.R.D. 329, 332 (N.D. Ill. 2000); ***Healey v. Allison Transportation Systems, Inc***., 2006 WL 2325327 at *2 (Aug. 9, 2006 N.D. Ill. 2006). Regardless of when made, such an application could lead to evidence of the plaintiff's injuries caused by the accident or reveal conditions the plaintiff experienced leading up to the accident. The information later may be found inadmissible. However, at discovery, the defendants need show only relevancy, not admissibility.

Instead, it is Day's burden to provide a specific objection to the request, which he has not done. He does not dispute the relevancy of the information, but claims that the execution of a general release may give access to a breadth of discovery that includes irrelevant information. This non-specific and hypothetical objection is not sufficient to preclude this discovery. Accordingly, the defendants' motion to compel is **GRANTED**.

In his motion for sanctions, Day seeks an order barring the use of the videotape footage the defendants acquired. Day has not presented evidence that he made a discovery request that encompasses this videotape. However, the defendants have assumed that

the production of this videotape was required. Further, it is clear that such surveillance videotapes, even if intended primarily for impeachment purposes, provide substantive information that brings them generally within reach of discovery. *See Chiasson v. Zapata Gulf Marine Corporation*, 988 F.2d 513, 527 (5th Cir. 1993); *Fisher*, 152 F.R.D. at 150; *Papadakis v. CSX Transportation, Inc.*, 233 F.R.D. 227, 228 (D. Mass. 2006); *Gutshall v. New Prime, Inc.*, 196 F.R.D. 43, 45 (W.D. Va. 2000) (collecting cases).

In addition, the parties have not framed this matter as an assertion of the work product privilege. *See Gutshall*, 196 F.R.D. at 46; *Bradley v. Wal-Mart Stores, Inc.*, 196 F.R.D. 557, 557-58 (E.D. Mo. 2000)("Courts are fairly uniform in finding non-evidentiary surveillance tapes to be covered by the qualified work product privilege."); *Fletcher v. Union Pacific Railroad Company*, 194 F.R.D. 666, 670 (S.D. Cal. 2000)("Numerous courts have held that surveillance films constitute work product and are subject to qualified immunity.").

Instead, Day first argues that Hill's disclosure of the surveillance was not timely. Rule 26(e) requires supplementation of initial disclosures or responses to discovery requests when the responding party gains information that "has not otherwise been made known to the other parties." *Gutierrez v. AT&T Broadband, LLC*, 382 F.3d 725, 733 (7th Cir. 2004). If the rule has been violated, the remedy of precluding the use of the evidence is subject to the broad discretion of the court, gauged by

7

factors that include the risk of prejudice, the ability to cure prejudice, the risk of disruption to the trial, and any evidence of bad faith or wilfulness in not making earlier disclosure. ***Westefer v. Snyder***, 422 F.3d 570, 584 (7th Cir. 2005).

In this instance, the plaintiff offers no argument that addresses why information regarding the plaintiff's own capabilities falls within the rule's reference to information that "has not otherwise been made known" to him. A party can be assumed to have knowledge of his own capabilities without engaging in discovery on the subject. Further, even assuming that Day requested this information and, as impeachment evidence, is entitled to its supplementation under Rule 26(e), he has not shown that the approximately two and one-half months between filming Day and delivering the videotape violates the rule's requirement of "seasonable" amendment to discovery responses. There is no evidence of prejudice or bad faith. Further, the trial in this matter remains distant, following the continuance of the original August 2007 setting. Consequently, there can be no conclusion that the approximately two month time period lead to an unmanageable risk of surprise at a trial that is not yet on the calendar. *See **Papdakis***, 233 F.R.D. at 228 (*quoting **Ward v. CSX Transportation, Inc***., 161 F.R.D. 38, 29 (E.D.N.C. 1995)) ("[A]llowing discovery of surveillance materials after the deposition of the plaintiff, but before trial, best meets the end of justice and the spirit of the discovery rules to avoid surprise at trial."). *See also **Ammons-Lewis v. Metropolitan Water Reclamation District***

8

*of Greater Chicago*, ___ F.3d ___, 2007 WL 1544139 at *6 (7th Cir. 2007) (admitting new photographic evidence during trial, stating that "to compensate for the eleventh-hour disclosure, the court gave Ammons-Lewis and her counsel the opportunity to review and discuss the photograph before she was questioned about it in the jury's presence.").

_____

For the foregoing reasons, the Motion to Reconsider filed by the plaintiff, Danny Day, on June 6, 2007, is **GRANTED**, and the Motion for Sanctions filed by the plaintiff on April 27, 2007, is **DENIED**.

ENTERED this 3rd day of July, 2007

                                       s/ ANDREW P. RODOVICH
                                                 United States Magistrate Judge